# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STACY BRYANT,**

        **Plaintiff,**

**v.**                                   **Case No:   6:16-cv-937-Orl-40KRS**

**CITY OF DELAND,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **AFFIDAVIT OF INDIGENCY (Doc. No. 2)**
>
> **FILED:**       May 31, 2016

### I. BACKGROUND.

On May 31, 2016, Plaintiff Stacy Bryant filed a complaint against Defendant City of Deland, alleging that she was terminated on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e, *et seq*. Doc. No. 1. That same day, Plaintiff filed an affidavit of indigency, which I construe as a motion for leave to proceed *in forma pauperis*. Doc. No. 2. That motion was referred to me for issuance of this Report and Recommendation, and the matter is now ripe for review.

### II. FACTUAL ALLEGATIONS.

On or about 2006, Plaintiff, who is an African-American, was hired by Defendant. Doc. No. 1 ¶¶ 8–9. She held the position of equipment operator. *Id.* ¶ 12. While employed by

Defendant, Plaintiff "used the truck at an off-site store to use the restroom."  *Id.* ¶ 15.  She was not aware that this action was contrary to Defendant's policies, but Defendant cited the incident as a reason for terminating her employment on or about September 22, 2015.  *Id.* ¶¶ 11, 13.  Plaintiff claims that the justification provided by Defendant for the termination was false and that "other similarly situated Caucasian employees who had used Defendant's city vehicles to drive to off-site locations to use restrooms were treated more favorably."  *Id.* ¶¶ 14, 16.

### III.   ANALYTICAL STANDARD.

Federal courts may allow an individual to proceed *in forma pauperis* if she "submits an affidavit that includes a statement of all assets that such [person] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases.  *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).  Under that statute, a court shall dismiss the case if it determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  A cause of action is frivolous if it is "without arguable merit."  *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)) (internal quotation marks omitted).  A court may dismiss a claim as factually frivolous if the facts alleged are "'fanciful,' 'fantastic,' and 'delusional'" or "rise to the level of the irrational or wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)).

Federal Rule of Civil Procedure 8 demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Accordingly, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative

level." *Cobb v. Florida*, 293 F. App'x 708, 709 (11th Cir. 2008)[1] (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.   A properly pled complaint, therefore, must "nudge[] the[] claims across the line from conceivable to plausible." *Id.* at 570.

## IV. DISCUSSION.

Title VII forbids employment discrimination on the basis of an individual's race.   42 U.S.C. § 2000e-2(a).   "A plaintiff in a Title VII action may attempt to show this discrimination by offering either direct or circumstantial evidence." *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1266 (11th Cir. 1999).   In the instant case, Plaintiff has pled no facts that would constitute direct evidence of discrimination.   Accordingly, Plaintiff complaint appears to be an attempt to plead a circumstantial case of discrimination.

To establish a *prima facie* case of discrimination based on circumstantial evidence, a plaintiff must establish that (1) she is a member of a protected racial class; (2) she was qualified for the position; (3) she experienced an adverse employment action; and (4) she was replaced by someone outside of his protected class or received less favorable treatment than a similarly situated person outside his protected class. *Flowers v. Troup County*, 803 F.3d 1327, 1336 (11th Cir. 2015). While a plaintiff need not necessarily allege specific facts establishing a prima facie case of liability at the pleading stage, her complaint "must provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 917 (11th Cir.

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

2015) (per curiam)[2] (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)) (internal quotation marks omitted).

In its present form, Plaintiff's complaint is simply too conclusory to support a plausible race discrimination claim. At its core, Plaintiff's claim is premised on the contention that, although she was purportedly terminated for "us[ing] the truck at an off-site store to use the restroom," similarly situated Caucasian employees were treated "more favorably." Doc. No. 1 ¶¶ 14–16. Under this theory, race — not the use of the truck — was the true reason for her termination. Plaintiff's allegations on this point, however, amount to little more than mere labels and conclusions. She has not identified any specific comparator she contends was treated differently or presented any facts indicating how that individual is similarly situated. In the absence of further factual allegations, Plaintiff has not adequately stated a race discrimination claim, and that claim is due to be dismissed. *See Arafat v. Sch. Bd. of Broward Cty.*, 549 F. App'x 872, 874 (11th Cir. 2013) (per curiam) (affirming an order dismissing a case for failure to state a claim when the plaintiff's complaint "generically referenced younger males, but nowhere in her complaint d[id] she identify any valid comparators to undergird her disparate treatment claims"); *Gadling-Cole v. Lagory*, No. 2:12-cv-2882-SLB, 2015 U.S. Dist. LEXIS 34155, at *9–10 (N.D. Ala. Mar. 19, 2015) (granting a motion to dismiss when the plaintiff failed to identify any specific male comparators and observing that the "[p]laintiff's bare statement that 'other employees' received more favorable treatment is the type of conclusory allegation that 'epitomizes speculation and therefore does not amount to a short and plain statement of [her] claim under Rule 8(a)" (alteration in original) (quoting *Davis*, 516 F.3d at 974)) ; *cf. Green v. Savage of Ga., LLC*, No. 1:14-cv-132 (LJA), 2015 U.S. Dist. LEXIS 114139, at *10–11 (M.D. Ga. Aug. 27, 2015) (determining, with respect to an ADEA claim, that an allegation that

---

[2] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

the plaintiff was treated differently than similarly situated younger employees was too conclusory to state a claim).

While Plaintiff's complaint, as presently pled is deficient, Plaintiff could conceivably plead further facts that correct the above issues. Accordingly, I recommend that she be granted leave to file an amended complaint.

**V.   RECOMMENDATIONS.**

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **DISMISS without prejudice** Plaintiff's complaint (Doc. No. 1);
2. **TERMINATE** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2); and
3. **GRANT** Plaintiff leave to file an amended complaint and renewed motion to proceed *in forma pauperis*, within a timeframe established by the Court.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 3, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE