# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STACY BRYANT,**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:16-cv-937-Orl-40KRS**

**CITY OF DELAND, FLORIDA,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **AFFIDAVIT OF INDIGENCY (Doc. No. 11)**
>
> **FILED:**   **July 11, 2016**

**I.   BACKGROUND.**

On July 5, 2016, Plaintiff Stacy Bryant filed an amended complaint against Defendant City of Deland, Florida, alleging termination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e, *et seq.*   Doc. No. 9.   In the prayer for relief, Plaintiff also made a demand for "[c]ompensatory damages . . . under the Age Discrimination in Employment Act."  *Id.* at 3.   On July 11, 2016, Plaintiff also filed an affidavit of indigency, which I construe as a renewed motion for leave to proceed *in forma pauperis*.   Doc. No. 11.   That motion was referred to me for issuance of this Report and Recommendation, and the matter is now ripe for review.

## II. FACTUAL ALLEGATIONS.

On or about 2006, Plaintiff, who is an African-American, was hired by Defendant. Doc. No. 9 ¶¶ 8–9. Plaintiff held the position of equipment operator. *Id.* ¶ 12. At all times, Plaintiff performed her job duties in a competent and successful manner. *Id.* ¶ 21. While employed by Defendant, Plaintiff drove Defendant's city truck from a worksite to an off-site store to use the restroom. *Id.* ¶ 15. Plaintiff was not aware that this action was contrary to Defendant's policies, but Defendant cited the incident as a reason for terminating Plaintiff's employment on or about September 22, 2015. *Id.* ¶¶ 11, 13, 15. Plaintiff claims that the justification provided by Defendant for the termination was false and that other similarly situated Caucasian employees, including an equipment operator and an equipment operator foreman, engaged in the same acts without being reprimanded or terminated. *Id.* ¶¶ 14, 16–17. Defendant has knowledge of these acts by the similarly situated Caucasian employees. *Id.* ¶ 17.

## III. ANALYTICAL STANDARD.

Federal courts may allow an individual to proceed *in forma pauperis* if he "submits an affidavit that includes a statement of all assets that such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). Under that statute, a court shall dismiss the case if it determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). A cause of action is frivolous if it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)) (internal quotation marks omitted). A court may dismiss a claim as factually frivolous if the facts

alleged are "'fanciful,' 'fantastic,' and 'delusional'" or "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)).

Federal Rule of Civil Procedure 8 demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Cobb v. Florida*, 293 F. App'x 708, 709 (11th Cir. 2008)[1] (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A properly pled complaint, therefore, must "nudge[] the[] claims across the line from conceivable to plausible." *Id.* at 570.

**IV.   DISCUSSION.**

Title VII forbids employment discrimination on the basis of an individual's race. 42 U.S.C. § 2000e-2(a). "A plaintiff in a Title VII action may attempt to show this discrimination by offering either direct or circumstantial evidence." *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1266 (11th Cir. 1999). In the instant case, Plaintiff has pled no facts that would constitute direct evidence of discrimination. To establish a *prima facie* case of discrimination based on circumstantial evidence, a plaintiff must establish that (1) he is a member of a protected racial class; (2) he was qualified for the position; (3) he experienced an adverse employment action; and (4) he was replaced by someone outside of his protected class or received less favorable treatment than a similarly situated person outside his protected class. *Flowers v. Troup County*, 803 F.3d 1327, 1336 (11th Cir. 2015). While a plaintiff need not necessarily allege specific facts establishing a prima facie case of liability

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

at the pleading stage, the complaint "must provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 917 (11th Cir. 2015) (per curiam) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)) (internal quotation marks omitted).

Here, the allegations of the complaint indicate that Plaintiff is an African-American, performed the duties of the job in a competent and successful manner, and was terminated. Doc. No. 9 ¶¶ 9, 13, 20. Plaintiff alleges that similarly situated Caucasian employees — including at least one individual who also held the position of equipment operator — were neither reprimanded nor terminated for driving Defendant's vehicles from worksites to off-site restrooms, despite Defendant's knowledge of the acts. *Id.* ¶ 16–17. Defendant, however, cited the same act when terminating Plaintiff's employment. *Id.* ¶ 13.

The above allegations are sufficient, at the pleading stage, to set forth a *prima facie* case of discrimination based on circumstantial evidence. Moreover, a review of Plaintiff's Affidavit of Indigency, particularly in light of the allegations of her complaint, indicate that Plaintiff qualifies as a pauper and should be permitted to proceed without prepayment of the filing fee.[2] Accordingly, I recommend that Plaintiff be permitted to proceed *in forma pauperis* with respect to the race discrimination claim.

In one respect, however, Plaintiff's request to proceed *in forma pauperis* should be denied. Plaintiff requests, in the prayer for relief, "[c]ompensatory damages . . . under the Age

---

[2] In the affidavit, Plaintiff cited equipment operator for the City of Deland, Florida, when asked to identify "present employment or last employment." Doc. No. 11, at 2. Plaintiff failed, however, to fill in the section titled, "If unemployed, date of last employment." Nevertheless, bearing in mind that the present action concerns an allegedly discriminatory termination by the City of Deland, Florida, I construe this entry to indicate that Plaintiff's last employment was with Defendant and that Plaintiff has no current employment. Plaintiff has three dependent children, and the only familial income identified in the affidavit is the $1,200.00 received monthly by Plaintiff's spouse. *Id.*

Discrimination in Employment Act." Doc. No. 9, at 3. The complaint includes no factual allegations indicating that Plaintiff falls within the class of persons protected by the Age Discrimination in Employment Act ("ADEA") or otherwise permitting a reasonable inference that Plaintiff suffered discrimination based on age. *See generally Brooks v. CSX Transp., Inc.*, 555 F. App'x 878, 883 (11th Cir. 2014) (per curiam) (discussing the elements of a *prima facie* case of discrimination under the ADEA). Consequently, Plaintiff failed to adequately plead an ADEA claim, and the reference to the ADEA in the prayer for relief should be stricken.

## V.  RECOMMENDATIONS.

In light of the foregoing, I respectfully recommend that the Court do the following:

1.  **GRANT in part and DENY in part** Plaintiff's renewed motion to proceed *in forma pauperis* (Doc. No. 11);

2.  **STRIKE** the reference to the ADEA in the prayer for relief;

3.  **PERMIT** Plaintiff to proceed without prepayment of a filing fee with respect to his claim under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972;

4.  **DIRECT** the Clerk of Court to mail a summons and Marshal 285 form to Plaintiff for completion and return to the Court within fifteen (15) days of mailing;

5.  **ORDER** Plaintiff to provide a copy of the amended complaint to the Clerk of Court to be served on Defendant;

6.  **DIRECT** the Clerk of Court to provide the completed summons, the completed Marshal 285 form, a copy of the amended complaint, and a copy of the Court's order on this Report and Recommendation to the United States Marshals Service; and

7. **DIRECT** the United States Marshals Service to serve process and a copy of the Court's order on this Report and Recommendation upon Defendants, without cost to Plaintiff.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 14, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE